UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ERAMITO BUTTEN,

                Plaintiff,                **REPORT AND RECOMMENDATION**
                                                                  21 CV 1666 (LDH)(LB)

  -against-

CHAMPION AUTO CENTER, INC.,

                Defendant.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Eramito Butten brings this action against defendant Champion Auto Center, Inc. ("Champion Auto") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 et. seq., alleging that defendant failed to pay him overtime wages and provide required wage notices and statements. Compl. ¶¶ 1-2, 38-42, 47-48, ECF No. 1. The Clerk of Court previously noted defendant's default when defendant failed to answer or otherwise respond to the complaint. ECF No. 9. Defendant now moves to vacate entry of its default pursuant to Federal Rule of Civil Procedure 55(c). Def.'s Mot., ECF No. 13. Plaintiff opposes defendant's motion and in the alternative requests an award of attorney's fees should defendant's motion be granted. The Honorable LaShann DeArcy Hall referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that defendant's motion to set aside the Clerk's entry of default should be granted and plaintiff's motion for attorney's fees should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked as a mechanic at defendant's auto repair business during two different periods; first for a period ending in June 2019 and then again from April 2020 until January 14, 2021.[1] Compl. ¶¶ 15-16. Plaintiff alleges he was paid $16.50 an hour for all hours worked, even when he worked in excess of forty hours a week. Id. ¶ 16. He claims he worked "about 50-60 hours each week…and likely more, [and] 5-6 days a week with the exception of about 2-4 weeks." Id. ¶ 17. Plaintiff further alleges that he was never paid overtime or provided wage notices and statements as required by New York law. Id. ¶¶ 19-20, 42.

Plaintiff commenced this action against defendant Champion Auto and defendant Andrew Tassara. Compl., ECF No. 1. Service was made on defendant Champion Auto by serving the New York Secretary of State pursuant to New York Business Corporation Law Section 306. ECF No. 5. Proof of service was never filed as to defendant Andrew Tassara, but plaintiff voluntarily dismissed this action against him.[2] ECF No. 8. The Clerk of Court noted entry of defendant Champion Auto's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 9. Defendant now moves to set aside the entry of default. ECF No. 13. In support of its motion, defendant provides the declaration of its manager, Andy Stylianou (Stylianou Decl., ECF No. 13-1); defendant's counsel's declaration[3] (Shenker Decl., ECF No. 13-2); a copy of the complaint (ECF No. 13-3); a copy of the summons served on defendant (ECF No. 13-4); a copy

---

[1] The complaint erroneously states "Plaintiff Carrion (sic) was employed as a mechanic…." Compl. ¶ 16. It is unclear who Carrion is but he is not the plaintiff in this case.

[2] Judge DeArcy Hall referred plaintiff's voluntary dismissal against Mr. Tassara to me for a determination of "whether the dismissal was filed pursuant to a settlement agreement, and if so, to allow for a review of the settlement terms pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199 (2d Cir. 2015)." See Electronic Order dated Aug. 20, 2021. Plaintiff filed sworn declarations stating that he did not receive compensation or remuneration in exchange for the dismissal, ECF No. 12, and the Court concluded that further review was not required, See Electronic Order dated September 27, 2021.

[3] Counsel's declaration misspells his own name: See ECF No. 13-2, "Declaration of Brian J. Shenekr." Counsel's name is Brian J. Shenker.

of defendant's proposed answer (ECF No. 13-5); and a Memorandum of Law (Def.'s Mem. of Law, ECF No. 14). In opposition, plaintiff files a Memorandum of Law (Pl.'s Mem. of Law, ECF No. 16) and his counsel's declaration (Hassan Decl., ECF No 16-1). Defendant filed a reply consisting of a second declaration from Andy Stylianou (Second Stylianou Decl, ECF No. 17) and a Memorandum of Law (Reply Mem. of Law, ECF No. 18).

Defendant claims it had no knowledge of this matter until late August 2021 when it received a letter and a copy of the certificate of default from plaintiff's counsel. Stylianou Decl. ¶ 3. Upon receipt of these documents, Mr. Stylianou "promptly contacted" defendant's counsel. Id. Defendant asserts that it never received a copy of the summons and complaint from the Secretary of State, id. ¶ 4, or earlier correspondence from plaintiff's counsel, Second Stylianou Decl. ¶ 4. Moreover, defendant proffers that it has a meritorious defense in that plaintiff is not entitled to relief because he never worked more than 40 hours per week. Stylianou Decl. ¶ 9.

**LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); see also Yadav v. Brookhaven Nat. Lab., No. 09-CV-5645(SJF)(ARL), 2010 WL 2606620, at *1 (E.D.N.Y. June 21, 2010) (recognizing the mandatory nature of noting a party's default under Rule 55(a)). In pertinent part, Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Second Circuit instructs that "district courts…[should] consider three factors in deciding whether to relieve a party from default: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default

3

would prejudice the non-defaulting party." Beyonics Int'l PTE Ltd. v. Smith, 833 Fed. Appx. 492, 493 (2d Cir. 2020) (summary order) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d. Cir. 1993)). There is a strong "preference for resolving disputes on the merits" and, for that reason, a default is "generally disfavored." Maxum Indemnity Co. v. Oxford Interior Corp., 443 F. Supp. 3d 348, 353 (E.D.N.Y. 2020) (internal quotation marks omitted) (quoting Enron Oil Corp., 10 F.3d at 95-96). This preference also requires resolving "all doubts…in favor of the party seeking relief…." Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 77 (E.D.N.Y. 2010) (internal quotation marks omitted) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Ultimately, the decision whether to vacate the entry of default is a matter within the district court's discretion. See S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted).

## DISCUSSION

**I. Motion to Set Aside Defendant's Default**

**1. Willfulness**

Defendant asserts that its default was not willful because it was unaware of this action until late August 2021 when the request for entry of default was "delivered to an individual at the address…. The item was signed for by A.A." Hassan Decl., Ex. 3; Second Stylianou Decl, ¶ 5. Defendant promptly retained counsel once it learned of the default, and counsel contacted plaintiff. Stylianou Decl. ¶¶ 3-5; Shenker Decl. ¶ 8; Def.'s Mem. of Law 4-5. In response, plaintiff claims that a copy of the Court's prior Order in this matter was delivered to defendant's place of business in early August and defendant's failure to act was a strategic decision. Hassan Decl. ¶ 4; Pl.'s Mem. of Law 4-5.

In the default context, willfulness "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and … not satisfactorily explained." Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks omitted) (quoting McNulty, 137 F.3d at 738). When a party is aware of an action pending against it but fails to file a responsive pleading, this conduct supports a finding of willfulness. See id. However, where a party maintains that it promptly acted once it became aware of a pending case, such behavior "is far from the type of willful conduct contemplated by the courts in this Circuit." Brown v. Baldwin Square LLC, No. 14-CV-0551(JS)(ARL), 2015 WL 1014398, at *3 (E.D.N.Y. Mar. 9, 2015) (citing Int'l Reformed Univ & Seminary v. Newsnjoy USA, No. 13-CV-3156(JS)(GRB), 2014 WL 923394, at *3 (E.D.N.Y. Mar. 10, 2014)) (finding that defendant did not act willfully when it moved to set aside its default within ten days of receiving notice). Further, when there is doubt about whether the defaulting party received the summons and complaint, the issue of default should be resolved in that party's favor. Gil v. Frantzis, No. 17-CV-1520(ARR)(SJB), 2019 WL 5694074, at *7 (E.D.N.Y. Aug. 22, 2019) (citing Enron Oil Corp., 10 F.3d at 98) Report and Recommendation adopted by 2019 WL 4784674 (E.D.N.Y. Oct. 1 2019). Even when a party's default results from its own negligence, this alone will not satisfy the demanding "willful default" standard. See J&J Sports Prods., Inc. v. Cortez, No. 19-CV-5219(FB)(ST), 2020 WL 2750127, at *2 (E.D.N.Y. April 22, 2020) (citing L.G. Cap. Funding, LLC v. ON4 Communs., Inc., No. 16-CV-6943(ENV)(RER), 2018 WL 5020170, at *4 (E.D.N.Y. Jan. 17, 2018)) Report and Recommendation adopted by 2020 WL 2748030 (E.D.N.Y. May 27, 2020).

The facts here do not support a finding of willful default. Defendant proffers that it neither received notice of this action from the Secretary of State, Stylianou Decl. ¶ 4, nor the

5

copy of the Court's order left at its business' front door on August 2, 2021, Second Stylianou Decl. ¶ 4. Defendant states that because the business was open on August 2, 2021 and the front door abuts the sidewalk, it "makes no sense" that plaintiff's parcel was left outside, essentially on the sidewalk. Second Stylianou Decl. ¶ 4. Regardless of the manner in which plaintiff's correspondence was delivered to defendant's business, the Court does not find defendant's conduct sufficiently "egregious" to meet the demanding willfulness standard. This determination is further supported by the fact that after receiving notice of the entry of its default, defendant contacted counsel who then contacted plaintiff's counsel. See Walden v. Lorcom Techs., Inc., No. 05-CV-3600(ARR)(RER), 2007 WL 608151, at *3 (E.D.N.Y. Feb. 23, 2007) (recommending vacatur of an entry of default when defendant immediately took steps to respond when notified of the pending case).

    Defendant does not explain why it never received notice of this action from the New York Secretary of State. However, even if notice was hindered by defendant's own failure to provide the Secretary with its currents address, this alone would not render defendant's default willful. Id. The Court is also mindful that defendant's address is **133-11** Atlantic Avenue, Richmond Hill, New York 11418, see Shenker Decl. ¶ 5, but is listed on the summons and in the complaint as **33-11** Atlantic Avenue, Richmond Hill, New York 11418, ECF No. 13-4; Compl. ¶ 11. Although the Court cannot know if service was impeded by this error, [4] nonetheless defendant states that it did not receive notice of this lawsuit until late August 2021. In light of defendant's conduct once it became aware of this action, the Court concludes that defendant's default was not willful. See Alexander v. Priv. Protective Servs., Inc., No. 19-CV-

---

[4] Despite this error on the summons and in the complaint, a receipt from the Secretary of State provided by plaintiff lists the correct address, 133-11 Atlantic Avenue, Richmond Hill, NY 11418, as the service address. See Hassan Decl., Ex. 1.

10004(JPO)(SDA), 2021 WL 3862057, at *2 (S.D.N.Y. Aug. 30, 2021) ("Resolving any doubts in favor of Defendant, the Court finds that Defendant's conduct was not 'willful.'").

### 2. Meritorious Defense

Defendant proffers that it has a meritorious defense to plaintiff's claims. Def.'s Mem. of Law 6-7. Specifically, defendant asserts that plaintiff never worked in excess of forty hours per week because the business was only open Monday through Friday from 9:00 a.m. to 6:00 p.m. Stylianou Decl. ¶ 9. Plaintiff counters that defendant has failed to provide records to disprove his claims and relies on information posted on websites listing the business' hours as Monday through Friday from 8:00 a.m. to 6:00 p.m. and 8:00 a.m. to 2:00 p.m. on Saturday.[5] Hassan Decl., Ex. 4; Pl.'s Mem. of Law 6-7.

First, at this stage, the Court need not consider a proffered defense's "likelihood of success" but rather, whether a defendant's position "would constitute a complete defense." Sibley v. Choice Hotels Intern, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (internal quotation marks omitted) (quoting Enron Oil Corp., 10 F.3d at 98). A defendant seeking relief from its default must present some evidence in support of its defense, although "the threshold is very low." Gil, 2019 WL 5694074, at *10 (first citing Enron Oil Corp., 10 F.3d at 98; and then quoting Micolo v. Brennan, No. 07-CV-4901, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 18, 2009)). The proffered defense must also "give the factfinder some determination to make." Goldstein v. Urgo Eleuthera Hotels Ltd., No. 14-CV-6395(ADS)(ARL), 2016 WL 1019394, at *3 (E.D.N.Y. Feb. 10, 2016) (quoting HICA Educ. Loan Corp. v. Feintuch, No. 12-CV-5243(ADS), 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013)) Report and Recommendation adopted by 2016 WL 958208 (E.D.N.Y. Mar. 12, 2016).

---

[5] There is nothing in the record regarding when this information was posted on the internet. The only Yelp review listed is from 2018, before the COVID-19 pandemic. See Hassan Decl., Ex. 4.

Mr. Stylianou's declaration meets this threshold. Defendant's manager states that plaintiff never worked over forty hours a week, that the store's hours were 9:00 a.m. through 6:00 p.m., and that plaintiff always took at least an hour lunch break. Stylianou Decl. ¶ 9. These allegations undermine plaintiff's claims. Mr. Stylianou makes his declaration under penalty of perjury. He states he knows plaintiff did not work longer hours as Mr. Stylianou has the keys to open and lock the business.[6] Id. ¶ 11. Further, defendant states that plaintiff's wage notice and statement claims are defeated by the fact that plaintiff was timely paid, which is a complete defense under NYLL § 198(1-b) and NYLL § 198(1-d). Def.'s Mem. of Law 6-7. If defendant's assertions are proven at trial, they would constitute a complete defense to plaintiff's claims. Therefore, this factor weighs in favor of vacating the entry of default. See Vazquez v. Wally's Deli & Grocery Corp., No. 19-CV-6797(RA), 2021 WL 4124948, at *2 (E.D.N.Y. Sept. 9, 2021) (finding that defendants adequately asserted a meritorious defense when they submitted affidavits contradicting the number of hours plaintiff alleged she worked).

**3. Prejudice**

Defendant claims that vacating the entry of default would not prejudice plaintiff. Def.'s Mem. of Law 3. In opposition, plaintiff states that he has been prejudiced by defendant's conduct because any eventual resolution has been delayed and evidence has potentially been lost. Pl.'s Mem. of Law 7-8.

In the default context, delay alone is insufficient to establish prejudice. See Enron Oil Corp., 10 F.3d at 98 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). The party opposing vacatur must show "that the delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Robinson v.

---

[6] Plaintiff did not provide a sworn statement and the allegations in his complaint to the contrary are conclusory. See Compl. ¶ 17.

Sanctuary Music, 383 Fed Appx. 54, 58 (2d. Cir. 2010) (summary order) (quoting Davis, 713 F.2d at 916). It is insufficient to generally allege that the delay caused by the entry of default will result in the loss of evidence. See Bergman v. Kids By the Bunch Too, Ltd., No. 14-CV-5005(DRH)(SIL), 2018 WL 1402249, *10 (E.D.N.Y. Feb. 16, 2018) Report and Recommendation adopted by 2018 WL 1401324 (E.D.N.Y. Mar. 20, 2018). Further, "the expense of resources alone is insufficient prejudice." Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. R & C Transit, Inc., 321 F.R.D. 60, 63 (E.D.N.Y. 2017).

Plaintiff in the instant case has not suffered prejudice sufficient to warrant denial of defendant's motion. Although plaintiff alleges that the initial entry of default has potentially delayed a resolution, delay alone is an insufficient ground upon which to deny vacatur. See Davis, 713 F.2d at 916. Plaintiff only speculates that the delay may have resulted in the "destruction of evidence." Pl.'s Mem. of Law 8. However, "this case is in its early stages and there is no indication that evidence has been lost or that vacating the default will result in difficulties of discovery." Sibley, 304 F.R.D. at 131. Plaintiff's claim that he has expended effort and fees in prosecuting this case thus far is also unavailing.[7] See R & C Transit, Inc., 321 F.R.D. at 63 ("The Plaintiffs are the ones who initiated this suit, and so clearly intended expending resources to litigate it.").

Accordingly, in light of the non-willful nature of defendant's default, defendant's meritorious defense, and the lack of prejudice to plaintiff, I recommend that defendant's motion to set aside its default should be granted.

---

[7] Plaintiff also cites the Court's July 29, 2021 Order directing him to "take appropriate action" as evidence of prejudice resulting from defendant's failure to respond to the complaint. Pl.'s Mem. of Law 5-6, 16. However, this Order was intended to prompt plaintiff to act on his lawsuit and cannot be used against the defendant under these circumstances.

**II. Plaintiff's Motion for Fees**

Plaintiff requests that, should defendant's motion to set aside the entry of default be granted, the Court should award him compensation for the fees incurred to litigate this issue. Pl.'s Mem. of Law 8-9. Defendant opposes this request. Reply Mem. of Law 5-6.

The Court may set conditions when vacating the entry of a defendant's default, including the posting of a bond or the payment of attorney's fees. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 52 (E.D.N.Y. 2008) (citing Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001)). Imposing conditions does not require a finding that the default was willful. Khotovitskaya v. Shimunov, No. 18-CV-7303(NGG)(CLP), 2020 WL 4588345, at *8 (E.D.N.Y. Mar. 10, 2020) Report and Recommendation adopted by 2020 WL 2110716 (E.D.N.Y. May 4, 2020). Requiring the payment of attorney's fees as a condition of vacatur, allows the Court to correct any "undue prejudice" suffered by the non-defaulting party. Pall Corp., 249 F.R.D. at 52 (quoting Powerserve Int'l, 239 F.3d at 514-15). As other Courts have observed, conditioning vacatur on the payment of attorney's fees ordinarily occurs in cases involving "an extended period of wasted time or disregard of court orders." Id. (citing Powerserve Int'l, 239 F.3d at 511-512). The district court has flexibility and discretion when evaluating the appropriateness of attorney's fees in this context. See Oscilloscope Pictures, Inc. v. Monbo, No. 17-CV-7458(MKB)(ST), 2019 WL 2435644, at *4 n.3 (E.D.N.Y. Mar. 25, 2019) (citing Filo Promotions, Inc. v. Bathtub Gins, Inc., 311 F. Supp. 3d 645, 646 (S.D.N.Y. 2018)).

Plaintiff primarily relies on two cases in support of his request for attorney's fees: Oliver v. McBride's Indus., Inc., 102 F.R.D. 561, 563-64 (S.D.N.Y. 1984) and Richardson v. Nassau Cty., 184 F.R.D. 497, 503 (E.D.N.Y. 1999). Pl.'s Mem. of Law 8-9. However, as defendant correctly states, both Oliver and Richardson are easily distinguished from the instant matter.

Reply Mem. of Law 5-6. The litigation in Oliver spanned many years and, although the Court did award fees as a condition of vacatur, reimbursement was only permitted for costs incurred in locating the defendant and serving the notice of default. 102 F.R.D. at 564. In Richardson, defendant Nassau County violated several court orders, a default judgment had been granted, and the Court described defendant's conduct "as deliberately indifferent to this case and disdainful of the time of the Court and the plaintiff's attorney." 184 F.R.D. at 499-500. These cases are inapposite to the conduct at issue in the instant matter.

Here, an award of attorney's fees is unwarranted. The Clerk of Court noted defendant's default on August 24, 2021, ECF No. 9, and little more than two weeks later defendant's counsel contacted plaintiff's counsel to discuss the matter, Shenker Decl. ¶ 8.[8] Less than two months passed between when defendant first learned of this action and when it sought to vacate its default. Plaintiff did not move for a default judgment during that time.[9] As defendant points out, plaintiff's counsel rebuffed its request that plaintiff consent to vacate entry of default which necessitated the current motion practice. Reply Mem. of Law 5 n.2. This case does not present an "extended period of wasted time or disregard for court orders" justifying an award of attorney's fees. See Pall Corp., 249 F.R.D. at 52.

## CONCLUSION

Accordingly, it is respectfully recommended that defendant's motion to vacate the entry of default should be granted and plaintiff's cross-motion for attorney's fees should be denied. Should this Report be adopted, defendant's answer to the complaint should be filed forthwith.

---

[8] Plaintiff's counsel questions whether this was "prompt." Pl's Mem. of Law 8. Plaintiff's counsel should remember the proverb "those who live in glass houses should not throw stones."

[9] As plaintiff's counsel's declaration illustrates, as early as September 13, 2021 the parties were amenable to discussing settlement. Hassan Decl. ¶ 8. The parties are strongly encouraged to redouble their efforts to settle this matter.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 4, 2022
       Brooklyn, New York